F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

BIG HORN COAL COMPANY,

       Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

       Respondent,

DAVID N. STEELE,

       Intervenor.

No. 95-9549

(OWCP No. 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)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT,** and **MURPHY**, Circuit Judges.

Petitioner Big Horn Coal Company ("Big Horn Coal") seeks review of a

final order of the United States Department of Labor Benefits Review Board

("Benefits Review Board") directing Big Horn Coal to make black lung

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

compensation payments to Mr. David Steele, the claimant. The Benefits Review Board affirmed an order of a United States Department of Labor Administrative Law Judge ("ALJ") finding that Mr. Steel had pneumoconiosis under 20 C.F.R. § 718.202(a)(4), that Mr. Steele was totally disabled, and that he was entitled to disability benefits because his pneumoconiosis was a "contributing cause" of his total disability under 20 C.F.R. § 718.204(a), 718.204(b) and 718.204(c)(5). Both the ALJ and the Benefits Review Board applied this court's decision in *Mangus v. Director, OWCP*, 882 F.2d 1527 (10th Cir. 1989) in concluding that Mr. Steele was entitled to disability benefits. In *Mangus*, this court set forth the standard to be used in interpreting 20 C.F.R. § 718.204(a): "if the pneumoconiosis is at least *a contributing cause*, there is a sufficient nexus between the pneumoconiosis and the total disability to satisfy claimant's burden of proof." *Id*. at 1531-32.

Big Horn Coal contends that the *Mangus* "at least a contributing cause" standard should not be applied in this case. Instead, it asks this panel to impose a "preponderance of the substantial evidence" standard. This we cannot do. One panel of this court cannot overrule the decision of another panel. *United States v. Zapata*, 997 F.2d 751, 759 n.6 (10th Cir. 1993); *United States v. Spedalieri*, 910 F.2d 707, 710 n.3 (10th Cir. 1990). *Mangus* provides controlling precedent for this case and we are bound to apply it. After reviewing the record on appeal, this court concludes that the Benefits Review Board properly found the ALJ's

decision to be supported by substantial evidence. *Wyoming Fuel Co. v. Director, OWCP*, 90 F.3d 1502, 1505 (10th Cir. 1996). The final order of the Benefits Review Board is hereby **AFFIRMED**. Big Horn Coal's motion to allow a late filing of an initial *en banc* suggestion is **DENIED**.[1]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]Big Horn Coal filed its motion after oral argument and while the case was under advisement. The panel is unaware of any rule, practice, or logic authorizing such an unorthodox motion.